ARMETTA M. KLINKE, Respondent, *v.* CHARLES SAMUELS, Appellant.

(Argued March 2, 1934; decided April 17, 1934.)

*Charles Burston* for appellant. An action upon an absolute guaranty of payment of a bond and mortgage is clearly embraced within the letter as well as the spirit of section 1083-b of the Civil Practice Act. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Hochstein* v. *Schlanger*, 150 App. Div. 124; 208 N. Y. 513; *Robert* v. *Kidansky*, 111 App. Div. 475; 188 N. Y. 638.) The provisions of section 1083-b of the Civil Practice Act do not impair the obligations of the contract between the plaintiff and the defendant in violation of section 10 of article I of the Constitution of the United States. (*Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398; *Sliosberg* v. *N. Y. Life Ins. Co.*, 244 N. Y. 482; *People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429; *Sturges* v. *Crowinshield*, 4 Wheat. [U. S.] 122; *810 West End Ave., Inc.,* v. *Stern*, 230 N. Y. 652; 258 U. S. 242; *Levy Leasing Co.* v. *Siegel*, 230 N. Y. 634; 258 U. S. 242; *Clemilt Realty Co.* v. *Wood*, 230 N. Y. 646; *Guttag* v. *Schatzkin*, 230 N. Y. 647; *People ex rel. Brixton Operating Corp.* v. *La Fetra*, 230 N. Y. 429; *Block* v. *Hirsh*, 256 U. S. 135.)

*Winston E. Barrow* for respondent. An action upon an absolute guaranty of payment of a bond and mort-

gage given by an independent obligor for a separate consideration is not within the provisions of section 1083-b of the Civil Practice Act. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Allen* v. *Rightmere*, 20 Johns. 365; *Winchell* v. *Doty*, 15 Hun, 1; *Barhydt* v. *Ellis*, 45 N. Y. 107; *Wood* v. *Tunnicliff*, 74 N. Y. 38.) To extend the provisions of section 1083-b of the Civil Practice Act to an action of the nature here involved would be an impairment of the obligations of the contract between the plaintiff and defendant, and violative of the provisions of article I, section 10, of the Constitution of the United States. (*Barnitz* v. *Beverly*, 163 U. S. 118; *Edwards* v. *Kearzey*, 96 U. S. 595; *Satterlee* v. *Matthewson*, 2 Pet. 380; *Bronson* v. *Kinsie*, 1 How. [U. S.] 311; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Lawton* v. *Steele*, 152 U. S. 133; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540.)

CRANE, J. The Appellate Division has certified to us the two following questions:

" 1. Is an action upon an absolute guaranty of payment of a bond and mortgage given by an independent obligor for a separate consideration within the provisions of Civil Practice Act, section 1083-b?

" 2. Do the provisions of Civil Practice Act, section 1083-b impair the obligations of the contract between the plaintiff and the defendant in violation of article I, section 10, of the Constitution of the United States?"

Last year the Legislature passed chapters 793 and 794 of the Laws of 1933 to meet conditions which had arisen in the mortgage field due to financial stringency and depression. In effect these stayed temporarily foreclosure and legal action to recover the indebtedness, provided interest and taxes were paid. Section 1077-a, added to the Civil Practice Act, related to the mortgage foreclosure, and section 1077-b to an action on the debt. The stay was to be effective until July 1, 1934, and not longer. Foreclosure was not stayed or in any way

prevented where default occurred in payment of interest or taxes, but by chapter 794 abuses growing out of the recovery of deficiency judgments were alleviated. Section 1083-a, added to the Civil Practice Act, reads in part: " Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher." Section 1083-b relates to actions at law on the indebtedness. It reads in part: " In any action  *  *  *  commenced  *  *  *  to recover a judgment for any indebtedness secured by a mortgage on real property and which originated simultaneously with such mortgage and which is secured solely by such mortgage, against any person or corporation *directly* or *indirectly* or contingently liable therefor, any party against whom a money judgment is demanded, shall be entitled to set off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances."

This last section is the one now before us. The 127th Street Building Corporation executed and delivered its bond and mortgage to the plaintiff in the sum of $10,500 on June 11, 1926, the amount becoming due June 11, 1929. On the same day that these instruments were given, the defendant guaranteed in writing the payment of the principal and interest, stipulating, " In the event that the principal and interest of the mortgage is paid by me in full, the said mortgage is to be assigned to me." The indebtedness was the bond of the mortgagor, the security was the mortgage, and the guaranty was a liability contingent on the debtor's default. This was all one transaction.

The default having occurred, this action has been

brought against the guarantor who desires to plead the relief given him by section 1083-b of the Civil Practice Act, which is, that judgment be limited to the difference between the amount due and the value of the mortgaged property. The Special Term granted the motion of the defendant to plead this defense but the Appellate Division has denied it on the ground that this section does not cover the case.

That the mortgagor-maker of the bond comes within the section is not questioned, so likewise do those " directly or indirectly or contingently liable therefor." To this latter class belongs the defendant. This action is brought to recover a judgment for an indebtedness secured by a mortgage on real property. So reads the statute. It is brought against one contingently liable therefor, the guarantor, whose liability, called indebtedness, originated simultaneously with the mortgage. Only by so reading the section could it ever apply to a person contingently liable for such a mortgage indebtedness. That section 1077-b uses the words, " upon a guaranty of any obligation secured by such mortgage," whereas section 1083-b says, " any person or corporation directly or indirectly or contingently liable therefor," does not indicate an intention of the Legislature to exclude a guarantor from the benefit of the latter section.

Any other interpretation would lead to strange results. Should the defendant pay in full he could not, although subrogated to the mortgagee's rights, recover from the mortgagor either in foreclosure or on the bond more of a deficiency than that provided in sections 1083-a and 1083-b. Again, if he had been made a party defendant in an action to foreclose the mortgage as he might have been (Civ. Prac. Act, § 1079, subd. 1, par. 7) any deficiency judgment entered up against him as it could have been (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Hochstein* v. *Schlanger*, 150 App. Div. 124; affd., 208 N. Y. 513), would have been limited to the equities as stated in section

1083-a of the amendment. The deficiency judgment by this section is not limited to one against the mortgagor on his bond but includes " the party against whom such judgment is sought."

Whatever inaccuracies in language there may be, we are of the opinion that the Legislature intended to stay actions against guarantors by section 1077-b and to limit deficiency judgments against them by section 1083-b.

As to the constitutionality of these provisions we must remember that the limitation upon the remedy in both or all instances is until July 1, 1934. There being no market for real estate of any kind, and the banks refusing to loan money on the best of real estate security, owners were caught, as it were, in a trap due to conditions over which no one had control and for which no relief was at hand. Value was in the property but the value could not be obtained nor anything like it. To prevent worse and more extensive evils and suffering, the Legislature had asked through these laws, for security holders to wait a reasonable time for universal economic conditions to improve, provided interest and taxes are paid.

After next July all remedies, so far as these present laws apply, will again be open to the mortgage creditors.

That such legislation, reasonably seeking only temporary relief, is not unconstitutional, we may refer to our recent decision in *Matter of People (Title & Mortgage Guarantee Co. of Buffalo)* (264 N. Y. 69), and *Home Building & Loan Assn.* v. *Blaisdell* (290 U. S. 398).

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

The first question certified should be answered " Yes," and the second question " No."

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.