## HONEYMAN *v.* HANAN, EXECUTOR.

No. 583. —Decided December 20, 1937.

*Mr. Robert B. Honeyman* was on the brief for appellant.

*Messrs. Anthony F. Tuozzo* and *James S. Brown, Jr.* were on the brief for appellee.

PER CURIAM.

Upon the prior appeal, the cause was remanded for further proceedings to the end that uncertainty might be removed and that the precise nature of the federal question, how it was raised and the grounds of its disposition, might be definitely set forth. 300 U. S. 14, 26. The Court of Appeals of the State has heard reargument and has defined the federal question which it has decided. 275 N. Y. 382; 9 N. E. (2d) 970. The court affirmed a judgment which dismissed the amended complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The case comes here on appeal which appellee moves to dismiss for the want of jurisdiction.

The bond in suit is a collateral bond "which binds the obligor indirectly to pay the existing mortgage indebtedness." The amended complaint set forth the obligation of the bond and the breach of condition. It alleged that an action, to which defendant was a party, had been brought to foreclose the mortgage; that pursuant to judgment therein the mortgaged premises were sold and the proceeds were applied on account of the indebtedness; and that in the foreclosure action a motion was duly made for a deficiency judgment which was denied. Section 1083-a of the New York Civil Practice Act forbids a judgment for any residue of the debt remaining unsatisfied after sale of the mortgaged property except as therein provided. Section 1083-b governs actions, other than foreclosure actions, to recover judgment for any indebtedness secured solely by a mortgage upon real property, "against any person or corporation directly or indirectly or contingently liable therefor." The state court has held that § 1083-a is intended to provide "an exclusive procedure for the entry of a judgment for any residue of a debt secured by a mortgage after sale of the mortgaged

premises." The state court has also ruled that the defendant was a party to the foreclosure action and upon proper proof the final judgment therein "might have awarded payment by him of the residue of the debt remaining unsatisfied after a sale of the mortgaged property, and 'application of the proceeds, pursuant to the directions contained therein.' " The foreclosure action was discontinued as to him only after a motion for a deficiency judgment was denied.

Appellant challenges the validity of § § 1083–a and 1083–b. As to the federal question involved in the present suit the state court has said:

"We are not advised whether in the foreclosure action the plaintiff challenged the validity of section 1083–a. Even if the plaintiff did properly challenge in that action the validity of section 1083–a, we could not upon this appeal consider that challenge, for no order or judgment in that action is before us for review. On this appeal we review only the decision that after denial of a deficiency judgment in the foreclosure action upon a motion made pursuant to section 1083–a, the plaintiff is not entitled to maintain an action to recover upon the bond which the defendant's testator, Herbert W. Hanan, signed as obligor. The challenge to the constitutional validity of the statute raises the constitutional question whether the obligations of the contract are impaired and article I, section 10, of the Constitution of the United States violated by the provisions of sections 1083–a and 1083–b, which provide that during the emergency period an action to recover a money judgment for any indebtedness secured by mortgage may not be maintained after the mortgaged premises have been sold under a judgment of foreclosure and sale, unless the right to a deficiency judgment has been determined in the foreclosure action. We decided that question against the appellant after the original argument. We adhere to that decision now."

In view of this ruling as to the exclusive procedure for which § 1083–a provides, it appears that the federal question now raised is simply whether the state legislation which requires that the right to a deficiency judgment must be determined in the foreclosure action violates the contract clause of the Federal Constitution. Article I, § 10. That question relates to the distribution of jurisdiction in the state courts. The Federal Constitution does not undertake to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure gives reasonable notice and affords fair opportunity to be heard before the issues are decided. The question of the validity of the state legislation could have been raised in the foreclosure action and brought to this Court in accordance with the applicable rules.

The requirement that the right to a deficiency judgment should be determined in the foreclosure action as against one who was a party to that action raises no substantial federal question. *Terry* v. *Anderson,* 95 U. S. 628, 633; *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389, 393; *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557, 569; *Cincinnati Street Ry. Co.* v. *Snell,* 193 U. S. 30, 37; *Gasquet* v. *Lapeyre,* 242 U. S. 367, 369; *Gibbes* v. *Zimmerman,* 290 U. S. 326, 332; *Lansing Drop Forge Co.* v. *American State Bank,* 297 U. S. 697; *Chisholm* v. *Gilmer,* 299 U. S. 99, 102. The appeal is

*Dismissed.*