ROBERT B. HONEYMAN, Appellant, *v.* ALMA C. CLARK, Individually and as Executrix of ANNIE E. POTH, Deceased et al., Defendants, and DAVID B. JACOBS et al., Respondents.

Argued October 6, 1938; decided October 18, 1938.

*Robert B. Honeyman,* in person, and *David R. J. Arnold* for appellant. Sections 1083 and 1083-a of the Civil Practice Act impair plaintiff's contract. (*Worthen Co. v. Kavanaugh,* 295 U. S. 56; *Rutherfurd Realty Co. v. Cook,* 198 N. Y. 29; *N. Y. Life Ins. Co.* v. *Guttag Corp.,* 265 N. Y. 292; *Feiber Realty Corp.* v. *Abel,* 265 N. Y. 94; *McCracken* v. *Hayward,* 2 How. 608; *Barnitz* v. *Beverly,* 163 U. S. 118; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Worthen Co.* v. *Thomas,* 292 U. S. 426; *Beaver County Bldg. & Loan Assn.* v. *Winowich,* 187 Atl. Rep. 431; *Sayre* v. *Duffy,* 13 N. J. Misc. 458; *Vanderbilt* v. *Brunton Piano Co.,* 111 N. J. L. 596.)

*M'Cready Sykes, W. A. W. Stewart* and *George L. Shearer* for United States Trust Company of New York, *amicus curiæ*. Section 1083-a of the Civil Practice Act impairs the obligation of contracts in violation of section 10 of article 1 of the Federal Constitution. (*Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Ogden* v. *Saunders,* 12 Wheat. 213; *Beaver County Building & Loan Assn.* v. *Winowich,* 323 Penn. St. 483; *Worthen Co.* v. *Kavanaugh,* 295 U. S. 56; *Adams* v. *Spillyards,* 187 Ark. 64; *Bennett* v. *Superior Court,* 42 Pac. Rep. [2d] 80.)

No appearance for respondents.

*Per Curiam.* The plaintiff has brought an action for the foreclosure of a mortgage upon real property in Queens county, executed and delivered by the defendants David B. Jacobs and Mary V. Jacobs on the 4th day of February, 1928, to secure the payment of their bond in the sum of $15,000. The plaintiff asks for a judgment of foreclosure and sale of the mortgaged premises and for judgment for any deficiency which may arise upon such sale. Judgment of foreclosure and sale was entered in April, 1938, and the mortgaged premises were sold in May, 1938, to the plaintiff for the sum of $7,500. The referee reported that after payment of taxes and expenses " there is due to the plaintiff a deficiency of Nine thousand five hundred ninety and 20/100 ($9,590.00) Dollars, with interest from the date of this report." Under the statute as it existed at the time the bond and mortgage were executed, the plaintiff would have been entitled to a judgment for that deficiency.

Sections 1083-a and 1083-b of the Civil Practice Act, enacted thereafter, purport to limit the right of the plaintiff to enter a deficiency judgment. The plaintiff, alleging " that such legislative acts constitute an unreasonable interference of the plaintiff's contract rights with the defendants, David B. Jacobs and Mary V. Jacobs, and are wholly unconstitutional and in violation of article

I, section 10, of the constitution of the United States," has applied to the court for an order confirming the referee's report of sale and directing the clerk to enter in his favor judgment against the said defendants in the sum of $9,500. The plaintiff appeals to this court from an order of Special Term which provides that the application for a deficiency judgment " is in all respects denied on the grounds that the value of the property is equal to the debt of the plaintiff, and pursuant to section 1083-a of the Civil Practice Act of the State of New York, limiting deficiency judgments, the plaintiff is deemed paid as a matter of law, which section is hereby held to be constitutional." The appeal is taken direct to this court pursuant to the provisions of section 588, subdivision 3, of the Civil Practice Act, and the only question which may be considered on this appeal is the validity of section 1083-a under the Constitution of the United States. We have, in other cases, sustained its validity. (*Honeyman* v. *Hanan*, 275 N. Y. 382; *Klinke* v. *Samuels*, 264 N. Y. 144; *City Bank Farmers Trust Co.* v. *Ardlea Corp.*, 267 N. Y. 224.)

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.

# MEMORANDA