HONEYMAN *v.* JACOBS ET AL.

No. 465. Submitted February 10, 1939.—Decided April 17, 1939.

*Mr. Robert B. Honeyman* submitted for appellant.

*Messrs. John J. Bennett, Jr.,* Attorney General of New York, *Henry Epstein,* Solicitor General, and *John F. X. McGohey* and *Benjamin Heffner,* Assistant Attorneys General, submitted for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This case, coming here on appeal from the state court, presents the question of the validity under the contract clause of the Federal Constitution of § 1083a of the Civil Practice Act of New York (Chapter 794 of the Laws of 1933)[1] under which the appellant, a mortgagee of real

[1] Section 1083-a, provides:

"1083-a. *Limitation Upon Deficiency Judgments During Emergency Period.*—No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it.shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the ac-

property, was denied a deficiency judgment in a foreclosure suit, where the state court found that the value of the property purchased by the mortgagee at the foreclosure sale was equal to the debt secured by the mortgage.

The mortgage was executed in February, 1928, that is, prior to the legislation in question, to secure a bond for $15,000, with interest, payable in February, 1931. On default in payment, appellant, the holder of the bond and mortgage, brought suit for foreclosure and judgment for foreclosure and sale was entered in April, 1938. The property was then sold to appellant for the sum of $7500. In the referee's report of sale the amount due on the bond and mortgage was stated to be $15,771.17, and the taxes, fees and expenses amounted to $1319.03, leaving a deficiency of $9590.20.

Section 1083–a of the Civil Practice Act required that the right to a deficiency judgment should be determined in the foreclosure suit. *Honeyman* v. *Hanan*, 275 N. Y. 382; 9 N. E. 2d 970; 302 U. S. 375, 378. Accordingly, appellant made his motion in that suit to confirm the sale and for deficiency judgment. Proof was submitted to the court that the present value of the property was $25,318. It does not appear that the correctness of this valuation was contested. The court thereupon confirmed the sale and denied the motion for deficiency judgment upon the ground "that the value of the property is equal to the debt of the plaintiff." Appellant's contention that § 1083–a as thus applied violated the contract clause of the Constitution was overruled and this ruling was sus-

---

tion including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

tained by the Court of Appeals. 278 N. Y. 467; 17 N. E. 2d .131. The court followed its earlier decisions, citing *Honeyman* v. *Hanan,* 275 N. Y. 382; 9 N. E. 2d 970; *Klinke* v. *Samuels,* 264 N. Y. 144; 190 N. E. 324; *City Bank Farmers Trust Co.* v. *Ardlea Corporation,* 267 N. Y. 224; 196 N. E. 34.

Appellant invokes the principle that the obligation of a contract is impaired by subsequent legislation which under the form of modifying the remedy impairs substantial rights. See *Sturges* v. *Crowninshield,* 4 Wheat. 122, 200; *Von Hoffman* v. *City of Quincy,* 4 Wall. 535, 553, 554; *Antoni* v. *Greenhow,* 107 U. S. 769, 775; *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398, 430, 434, and cases cited, note 13; *W. B. Worthen Co.* v. *Thomas,* 292 U. S. 426, 433; *W. B. Worthen Co.* v. *Kavanaugh,* 295 U. S. 56, 60. As we said in *Richmond Mortgage Corp.* v. *Wachovia Bank,* 300 U. S. 124, 128, "The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right."

We have heretofore decided that the requirement of § 1083–a that the right to a deficiency judgment must be determined in the foreclosure suit raises no substantial question under the contract clause. *Honeyman* v. *Hanan,* 302 U. S. at p. 378. The question is whether in the instant case the denial of a deficiency judgment substantially impaired appellant's contract right. The bond provided for the payment to him of $15,000 with the stipulated interest. The mortgage was executed to secure payment of that indebtedness. The contract contemplated that the mortgagee should make himself whole, if necessary, out of the security but not that he should be enriched at the expense of the debtor or realize more than what would repay the debt with the costs and expenses

of the suit. Having a total debt of $15,771.17, with expenses, etc., of $1319.03, appellant has obtained through his foreclosure suit the property of the debtor found without question to be worth over $25,000. He has that in hand. We know of no principle which entitles him to receive anything more. Assuming that the statute before its amendment permitted a recovery of an additional amount through a so-called deficiency judgment, we cannot say that there was any constitutional sanction for such a provision which precluded the legislature from changing it so as to confine the creditor to securing the satisfaction of his entire debt.

Section 1083–a in substance assured to the court the exercise of its appropriate equitable powers. By the normal exercise of these powers, a court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. *Home Building & Loan Assn.* v. *Blaisdell, supra,* at pp. 446, 447, and cases cited, note 18. *Richmond Mortgage Corp.* v. *Wachovia Bank, supra,* at p. 129. In this control over the foreclosure sale under its decree, the court could consider and determine the value of the property sold to the mortgagee and what the mortgagee would thus realize upon the mortgage debt if the sale were confirmed. See *Monaghan* v. *May,* 242 App. Div. 64, 67; 273 N. Y. S. 475; *Guaranteed Title & Mortgage Co.* v. *Scheffres,* 247 App. Div. 294; 285 N. Y. S. 464.

The reasoning of this Court in *Richmond Mortgage Corp.* v. *Wachovia Bank, supra,* is applicable and governs our decision. There, a statute of North Carolina, enacted after the execution of notes secured by a deed of trust, provided that where a mortgagee caused the sale of mortgaged property by a trustee and, becoming the purchaser for a sum less than the amount of the debt,

thereafter brought an action for a deficiency, the defendant was entitled to show, by way of defense and set-off, that the property sold was fairly worth the amount of the debt or that the sum bid was substantially less than the true value of the property, and thus defeat the claim in whole or in part. Under the former law of that State, when the mortgagee became the purchaser at the trustee's sale under a power in the deed of trust, he might thereafter in an action at law recover the difference between the price he had bid and the amount of the indebtedness. We found that the other remedy by bill in equity to fore-close the mortgage was still available. And that in such a proceeding the chancellor could set aside the sale if the price bid was inadequate, and, in addition, he might award a money decree for the amount by which the avails of the sale fell below the amount of the indebtedness but that "his decree in that behalf would be governed by well-understood principles of equity." The Court was of the opinion that the statute modifying one of the existing remedies for realizing the value of the security could not "fairly be said to do more than restrict the mortgagee to that for which he contracted, namely, payment in full." The act recognized the obligation of his contract and his right to its full enforcement but limited that right "so as to prevent his obtaining more than his due. By the old and well known remedy of foreclosure, a mortgagee was so limited because of the chancellor's control of the proceeding." That "classical method" of realization upon a mortgage security through a foreclosure suit had always been understood "to be fair to both parties to the contract and to afford an adequate remedy to the mortgagee." In that view it appeared that the new law as to proceedings for a deficiency judgment after the exercise of a power of sale "merely restricted the exercise of the contractual remedy to provide a procedure which, to some extent, renders the remedy by a trustee's sale consistent

with that in equity." And that did "not impair the obligation of the contract."

We reach a similar result here upon the same ground—that under the finding of the state court the mortgagee has obtained satisfaction of his debt and that the denial by the statute of a further recovery does not violate the constitutional provision.

The judgment is

*Affirmed.*