**In re RIVERVIEW PRODUCTS, Inc.**

No. 29068.

District Court, W. D. New York.

Aug. 20, 1940.

Michael J. Noonan, of Niagara Falls, N. Y., for trustee.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y., for claimant.

KNIGHT, District Judge.

It is my opinion that the decision of the referee must be affirmed.

In his memorandum, the referee has set forth certain details regarding the claims in controversy, which need not be repeated.

The claims in suit involve material facts which are different than those in the Matter of Rochester Pad & Wrapper Co., 20 F.Supp. 295, 34 A.B.R.,N.S., 396, decided by this court. In that case the action was brought after permission was granted by the bankruptcy court; the trustee was a party defendant; no demand was made for deficiency judgment in the action; claims were filed as secured claims, upon which proof was offered as to the fair and reasonable market value of the real property. In the instant case, foreclosure was commenced before the adjudication in bankruptcy, but the adjudication in bankruptcy was made prior to the time when there had been any default in appearance. The trustee was not made a party to the suit. The complaint asked for a deficiency judgment and a deficiency judgment was entered.

Section 1083 of the Civil Practice Act, which became effective on April 7, 1938, states the method by which a deficiency judgment on foreclosure of mortgage is determined. In neither of the claims in

suit did the claimants follow that procedure. One claim is based upon deficiency in connection with a mortgage executed prior to July 1, 1932, and one executed subsequent to that date. In the instant case I do not think that any difference in the effect of these claims is to be made. Commencing with the year 1933 and for each succeeding year down to 1940, the Legislature of the State of New York passed the so-called Emergency Moratorium Act—Sec. 1083-a of the Civil Practice Act. Each year this Emergency Act excepted from its effect mortgages executed after July 1, 1932. The Emergency Act of 1938 took effect on April 6, 1938. The Permanent Act, Sec. 1083, became effective as heretofore stated on April 7, or one day later. The effect of the latter was to abrogate the provisions of Sec. 1083-a in so far as it made the above exception. Section 1083 applies to all mortgages whenever executed. The foreclosure action herein was commenced and concluded before the expiration of the moratorium period fixed by the Act of 1938. A different question would be presented here had this foreclosure action been commenced subsequent to May 31, 1939, when the Emergency Act of 1939 became effective.

The remaining question concerns the constitutionality of Section 1083. It is obvious that the Emergency Acts enacted in 1938 and subsequently thereto were enacted in the fear that Section 1083 might be held to be unconstitutional. The Court of Appeals of the State of New York and the Supreme Court of the United States have sustained the Emergency Mortgage Deficiency Act—1083-a. Honeyman v. Jacobs, 306 U. S. 539, 59 S.Ct. 702, 83 L.Ed. 972; Klinke v. Samuels, 264 N.Y. 144, 190 N.E. 324; New York Life Ins. Co. v. H. & J. Guttag Corp., 265 N.Y. 292, 192 N.E. 481; City Bank Farmers' Trust Co. v. Ardlea Incorporation, 267 N.Y. 224, 196 N.E. 34; but neither the Supreme Court nor the Court of Appeals has passed upon the question of the Permanent Deficiency Foreclosure Act —Section 1083. In Tompkins County Trust Co. v. Herrick, 171 Misc. 929, 13 N.Y.S.2d 825, the facts are comparable to those here presented. It was there held that Section 1083 was constitutional. In Home Owners' Loan Corp. v. Margolis, Supreme Court, Westchester Co., 168 Misc. 945, 6 N.Y.S. 2d 432, it was held that the statute was un-constitutional.

Certain language of the United States Supreme Court in Honeyman v. Jacobs, supra, is applicable to Section 1083 as well as to Section 1083-a. I refer in particular to the following quotations from the decision:

"Appellant invokes the principle that the obligation of a contract is impaired by subsequent legislation which under the form of modifying the remedy impairs substantial rights. * * * As we said in Richmond Mortgage [& Loan] Corp. v. Wachovia Bank [& Trust Co.] 300 U.S. 124, 128, 57 S.Ct. 338, 339, 81 L.Ed. 552, 108 A.L.R. 886, 'The Legislature may modify, limit, or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right'. * * * The mortgage was executed to secure payment of that indebtedness. The contract contemplated that the mortgagee should make himself whole, if necessary, out of the security but not that he should be enriched at the expense of the debtor or realize more than what would repay the debt with the costs and expenses of the suit. * * *

"Assuming that the statute before its amendment permitted a recovery of an additional amount through a . so-called deficiency judgment, we cannot say that there was any constitutional sanction for such a provision which precluded the legislature from changing it so as to confine the creditor to securing the satisfaction of his entire debt. * * *

"In this control over the foreclosure sale under its decree, the court could consider and determine the value of the property sold to the mortgagee and what the mortgagee would thus realize upon the mortgage debt if the sale were confirmed." [306 U.S. 539, 59 S.Ct. 703, 83 L.Ed. 972.]

So interpreting this language, it seems to me that Section 1083 must be held to be constitutional.

The New York statute defined the method by which a claim for deficiency could be obtained, and it seems to me that under the facts here shown, it was incumbent upon the claimant to have the amount of his claim determined by the method fixed in Section 1083 supra.

The decision of the referee is affirmed.