## BAYSIDE–FLUSHING GARDENS, Inc., v. BEUERMANN.

### No. 7771.

District Court of the United States for the District of Columbia.

Jan. 17, 1941.

Sol M. Alpher, of Washington, D. C., for plaintiff.

John R. Jacobs, Jr., of Washington, D. C., for defendant.

LAWS, Associate Justice.

Motion by plaintiff for judgment on the pleadings.

On January 20, 1931, defendant gave plaintiff a bond, under seal, for payment of $1,950 and interest. The obligation was to be paid in installments of $99 beginning April 20, 1931, and continuing each quarter year until July 1, 1932, at which time the balance became due and payable. The bond was executed in New York. It does not appear from the pleadings where it was payable. Given to secure payment of the bond in suit, was a mortgage on real estate in Queens County, New York, executed simultaneously with the bond. It is alleged that only $650 has been paid on the obligation and this suit is for the balance of $1,300, with interest from October 20, 1933, the date of the last payment made.

Defendant claims that in 1933, the Legislature of the State of New York passed, as a part of its Civil Practice Act, laws becoming effective August 28, 1933 (sometimes referred to as "The New York State Moratorium Laws"), Section 1083-b of which provided, in part, that: "In any action pending * * * or hereafter commenced during the emergency * * * to recover a judgment for any indebtedness secured by a mortgage on real property and which originated simultaneously with such mortgage and which is secured solely by such mortgage, against any person * * * liable therefor, any party against whom a money judgment is demanded, shall be entitled to set off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances."

By his pleadings defendant claims that said law is in full force and effect and that the emergency mentioned in the aforesaid Act of 1933 still exists in the State of New York. Defendant further claims that the fair and reasonable market value of the mortgaged property, less the amounts owing on prior liens and encumbrances, is at least equal to the amount claimed to be due on the bond and therefore that no judgment may be entered for the plaintiff. By a separate defense with respect to interest claimed prior to July 25, 1937, defendant asserts the District of Columbia statute of limitations of three years bars such claim.

The constitutionality of the New York statute has been sustained. Honeyman **v.** Hanan, 275 N.Y. 382, 9 N.E.2d 970; Honeyman v. Clark and Jacobs et al., 278 N.Y. 467, 17 N.E.2d 131, affirmed by Supreme Court of the United States, 306 U.S. 539, 59 S.Ct. 702, 83 L.Ed. 972. A similar statute of the State of Minnesota also has been sustained. Home Building & Loan Association v. Blaisdell et al., 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481. At the oral argument of the case at bar, plaintiff's counsel contended that it appeared the temporary character of the moratorium laws was the basis of their being upheld as not violating the Constitution, and that since it now appears the New York act has been in effect nearly eight years, it is clear the act has lost its temporary character and must be held unconstitutional. A reading of the decisions upholding the moratorium laws as not violating constitutional provisions indicates that the principal question decided was whether the acts substantially impaired obligations of contracts, in violation of Article I, Section 10 of the Constitution. In passing upon this point, the courts considered not only the temporary character of the legislation, but also the question of the existence of the emergency, the reasonable character of the legislation and other facts. It seems, therefore, the Laws might not be held unconstitutional by mere continuation over a long period of time; other facts must be considered.

However, the decision which in my opinion should be made of the remaining question in this case makes it unnecessary for this court to pass on the question of the suggested unconstitutionality of the New York moratorium laws. This question is: May the defendant, in a suit brought in the District of Columbia, assert the set-off or make the defense provided by the New York moratorium statute?

▮ It is established that the law of the place of the contract (lex loci contractus) governs all matters of substantive law affecting a contract. While the authorities are confused as to whether this place should be the place of entering into the contract, the place of its contemplated performance, the place intended by the parties, the place having the greatest number of contacts with the transaction or the place having the most weighty contacts with the transaction (cf. Beale, Conflict of Laws, 1935, Para. 332 and particularly 332-57 and Goodrich, Conflict of Laws, Second Ed. 1938, pp. 273–285), there can

be no doubt but that tested by all of these conflicting standards this bond should be regarded as a New York contract; Jones v. Metropolitan Life Insurance Company, 158 Misc. 466, 286 N.Y.S. 4; Pritchard v. Norton, 1882, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104, at least in the absence of proof that some other law should control, see Stumpf v. Hallahan, 101 App.Div. 383, 386, 91 N.Y.S. 1062; Smith's Transfer & Storage Co. v. Reliable Stores Corp., 61 App.D.C. 106, 58 F.2d 511.

All matters of procedure are governed by the law of the forum. Restatement, Conflict of Laws, Sec. 585.

█ Therefore, in the case at bar, the laws of New York govern as to matters of substance; those of the District of Columbia as to matters of procedure.

█ This narrows the case to a consideration as to whether the New York moratorium laws affect substantive rights or whether they simply provide methods of procedure. It seems to me they recognize the contractual right to repayment of the amount mentioned in the bond, but provide a method for pursuing the right to repayment different from the form in force when the contract was made.

This view of the New York Laws has abundant support. In Honeyman v. Hanan, 302 U.S. 375, 58 S.Ct. 273, 82 L.Ed. 312, the Supreme Court, in holding that the contract clause of the Federal Constitution was not violated by the act, stated: "The Federal Constitution does not undertake to control the power of a state to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure gives reasonable notice and affords fair opportunity to be heard before the issues are decided." 302 U.S. at page 378, 58 S.Ct. at page 274, 82 L.Ed. 312.

Again, in Honeyman v. Jacobs, supra, the court said: "Appellant invokes the principle that the obligation of a contract is impaired by subsequent legislation which under the form of modifying the remedy impairs substantial rights. See Sturges v. Crowninshield, 4 Wheat. 122, 200, 4 L.Ed. 529; Von Hoffman v. City of Quincy, 4 Wall. 535, 553, 554, 18 L.Ed. 403; Antoni v. Greenhow, 107 U.S. 769, 775, 2 S.Ct. 91, 96, 27 L.Ed. 468; Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398, 430, 434, and cases cited, note 13, 54 S.Ct. 231, 237, 238, 78 L.Ed. 413 [88 A.L.R. 1481]; W.

B. Worthen Co. v. Thomas, 292 U.S. 426, 433, 54 S.Ct. 816, 818, 78 L.Ed. 1344, 93 A.L.R. 173; W. B. Worthen Co. v. Kavanaugh, 295 U.S. 56, 60, 55 S.Ct. 555, 556, 79 L.Ed. 1298, 97 A.L.R. 905. As we said in Richmond Mortgage Corp. v. Wachovia Bank, 300 U.S. 124, 128, 57 S.Ct. 338, 339, 81 L.Ed. 552, 108 A.L.R. 886, 'The Legislature may modify, limit, or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right.'" 306 U.S. 539, 542, 59 S.Ct. 702, 703, 83 L.Ed. 972.

The above-quoted language of these two decisions plainly treats the provisions of the New York laws as procedural.

The provisions of Sections 1083-a and 1083-b have been held by the New York courts to relate only to actions and, more than this, have been held limited to the forms of actions specified by the law itself. In re Burrows' Estate, 283 N.Y. 540, 542, 29 N.E.2d 77; In re New York Title & Mortgage Co., 160 Misc. 67, 289 N.Y.S. 771.

In Prudential Insurance Company of America v. Land Estates, Inc., 2 Cir., 110 F.2d 617, it was sought to extend the provisions of Sections 1083-a and 1083-b of the New York moratorium laws to a receivership case into which an insolvent mortgagor's property had been brought for distribution to creditors. The court, in denying the right, said in referring to Sections 1083-a and 1083-b, as follows: "Those provisions are procedural and designed to govern in proceedings to take the property mortgaged by foreclosure or otherwise under circumstances where the mortgagor requires protection. There is no reason why they should be extended by implication to equitable proceedings for the distribution of a debtor's property among all creditors." 110 F.2d at page 620.

See, also, Matter of People, by Van Schaick, 264 N.Y. 69, 190 N.E. 153, 96 A.L.R. 297; Klinke v. Samuels, 264 N.Y. 144, 190 N.E. 324.

█ As heretofore indicated, where the law of one jurisdiction relates solely to procedure, the courts of another jurisdiction will not follow such law. Where the cause of action is transitory, relief may be had, but it is granted in the form prescribed by the laws of the forum.

This is apparent from the decision of Commercial National Bank of Los Angeles v. Catron et al., 10 Cir., 50 F.2d 1023, where suit was brought in the District Court of the United States for the District of New Mexico on two promissory notes executed and payable in Los Angeles, California. The Circuit Court of Appeals held that Section 726 of the Code of Civil Procedure of California, since it related only to the remedy in an action for recovery of any debt, might not be enforced in the courts of New Mexico.

To the same effect is Maxwell v. Ricks, 9 Cir., 294 F. 255, 42 A.L.R. 460.

Thus it appears this court should not permit the moratorium laws of New York to be invoked as a set-off or as a defense to a suit on the bond instituted in the District of Columbia.

With respect to the claim of the defendant that as to the defense sought to be made with respect to interest claimed prior to July 25, 1937, the statute of limitations of three years bars the cause of action in the District of Columbia, it suffices to say that the bond sued upon, which called for the payment of interest, is under seal and that in such case the limitation provided in the District of Columbia is twelve years, not three years, as contended by defendant. Title 24, Chapter 12, Section 341, D.C.Code. The suit was brought here well within twelve years.

From what has been said, it is concluded that no valid defense has been asserted to the plaintiff's claim, and, accordingly, summary judgment will be rendered in his favor.