ESSEX COUNTY CIRCUIT COURT.

MILDRED L. HENDERSON AND ANNA L. LITTLEFIELD, EXECUTRICES OF THE ESTATE OF CHARLES W. LITTLEFIELD, DECEASED, AND BENJAMIN H. LITTLEFIELD, PLAINTIFFS, v. WILLIAM H. A. WEBER, DEFENDANT.

Decided February 11, 1942.

For the plaintiff, *Kearns & Bruder.*

For the defendant, *Meyer M. Semel.*

CAFFREY, C. C. J. The plaintiffs here were the complainants in foreclosure proceedings instituted in the Court of Chancery, the original defendants in that cause being William H. A. Weber (the defendant in the case *sub judice*), Beryl Weber, his wife, William Vanderdecker, Edward Diner and Charles Ringwald, the latter three named individuals being the alleged tenants of the mortgaged premises. A decree of dismissal was, on November 29th, 1940, entered as to Ringwald, and on December 3d, 1940, an order was entered, on application of complainant's solicitors, permitting them to amend their complaint "as they may be advised their title and interest may require, and that in case such amendment be made, the

defendants have twenty days after service upon them of a certified copy of this order and of the amended bill of complaint or amendments to said bill, in which to answer the said bill as amended, * * *." The amended bill was the same as the original bill, except that one James Gallagher (a tenant) was substituted as a defendant in place of Ringwald.

Subpoenas were duly served upon all of the defendants. Service of a copy of the order permitting amendment, together with a copy of the amended bill to foreclose, was made upon all defendants, except Gallagher. The Chancery proceedings continued to sale by the sheriff of the mortgaged premises for $100, whereupon an order was made on June 21st, 1941, confirming said sale—without any objection on the part of any defendant—and the sheriff's deed delivered to the purchaser—the complainants.

On August 15th, 1941, suit was instituted in this (Circuit) court for deficiency on the bonds of the defendant, said bonds having accompanied the mortgages under foreclosure aforesaid. Thereupon, the defendant, through his attorney, served notice of motion for an order to strike the complaint, reciting as the grounds therefor that (1) the suit for deficiency cannot lie for that the tenant-defendant Gallagher was not served with a copy of the order permitting the amendment to the bill of complaint and a copy of the amended complaint, as required by said order and by rule 80 of the Court of Chancery, "thereby failing to completely exhaust the mortgage security," said notice of motion alleging further (2) that the complaint here fails to specifically apprise the defendant which of the bonds and mortgages they were foreclosing and "have in the Chancery proceedings, waived their right to sue upon the deficiency," and (3) that the plaintiffs have failed to institute the foreclosure proceedings in their proper capacities and have failed to join therein, a *cestui que trust,* "by reason of which * * * the proceedings are fatal." This matter, therefore, now comes on for my consideration, on this notice of motion.

I have read and considered the complaint, affidavits and briefs submitted in behalf of the respective parties. I am not impressed with the objection raised by the defendant, that

one Geiser, who appeared in the title as the purchaser of the mortgaged premises (or a part thereof), and who subsequently reconveyed the same to his original grantor, should have been made a defendant in the Chancery proceedings, or in the suit now pending before me. Neither am I impressed with the question raised before me, on point 2 of defendant's motion, as it appears that both mortgages were foreclosed, and the suit here, is on deficiency of the two bonds accompanying said foreclosed mortgages. The complaint recites these facts with sufficient particularity, so as to acquaint the defendant with the same. On a motion, I cannot consider the question raised as point 3 in the notice of motion. This brings me to the consideration of point 1, *i. e.*, that the defendant, Gallagher, was not served with a copy of the order which permitted the filing of the amended complaint, and that he was not served with a copy of the amended complaint, as required by the tenor of said order and the rules of court.

Referring to the procedure to be followed, where an order to amend is entered, rule 80 of the Court of Chancery, requires the complainant to "serve on the defendants a true copy of the order allowing the amendment and of the amended bill or amendments." This requirement was also embodied in the order permitting amendment, entered in these present Chancery proceedings. Rule 80 of the Court of Chancery provides that:

"No filed bill shall be amended by erasure, or writing made thereon, or by the removal therefrom, or the insertion therein of sheets or pages, but the amendment shall be made either by filing an amended bill or by filing amendments to the bill.

"When a filed bill, that has been sworn to, is amended the amended bill shall be engrossed anew, sworn to and filed.

"Before subpœna issued the complainant may amend the bill of complaint of course and without motion or rule and without costs, and the subpœna thereafter issued shall call upon the defendant to answer the amended bill or the bill as amended, as the case may be.

"After subpœna issued, or appearance entered, the complainant may without notice, unless upon application for the order notice is directed to be given, obtain an order to amend

his bill at any time before answer filed or notice of objection served and upon such terms as may be imposed by the court; and the order allowing such amendments shall provide that *complainant shall serve on the defendants a true copy of the order allowing the amendment and of the amended bill* or amendments and if subpœna has issued or appearance has been entered that the defendants shall file answer to the bill as amended within such time after such service as the court shall direct by said order." The word "shall" is used in an imperative—mandatory—sense, and not in a permissive one. *Haythorn* v. *Van Keuren & Son,* 79 *N. J. .L.* 101; 74 *Atl. Rep.* 502.

Gallagher admittedly was not served with either a copy of the order permitting amendment, neither was he served with the amended bill or amendments. I, therefore, am of the opinion that the complainant has not met the requirements of the rule laid down in *American-Italian Building and Loan Association* v. *Liotta,* reported in 117 *N. J. L.* 467; 189 *Atl. Rep.* 118, with respect to the necessity of making tenants parties to foreclosure suits, in order that the security and all interest therein be entirely exhausted before there could be suit at law for deficiency. There was a duty to properly bring Gallagher into court, as required by the tenor of the order and of Chancery rule 80, not merely to name him as a defendant in the amended foreclosure bill and to servé him with the *subpœna ad respondendum* alone. One of the terms or conditions of the order permitting amendment was to serve *all* of the defendants with a copy of that order and of the amended bill of complaint or amendments, *R. S.* 2:29-5; *N. J. S. A.* 2:29-5. It was admittedly not done in the instant case. I am not unmindful of the decision of the court as rendered in the case of *The Equitable Life Assurance Society of the United States* v. *Laird and Others,* reported in 24 *N. J. Eq.* 319; affirmed in 26 *Id.* 532. However, Chancery rule 52 as mentioned therein has now been substantially changed by what is now known as Chancery rule 80.

Legislative trend indicates an attempt to protect mortgagors from deficiencies on bonds. Laws of 1933, chapter 82; Laws of 1935, chapter 88.

The decisions of this state are in accord that deficiency suits are not the favored policy of our courts. The statute relating to these suits must be strictly complied with. The statute, in that respect, was not complied with in the instant case, for that the defendant Gallagher was not brought into court as required by law. *Deal Park Co.* v. *Bennard,* 2 *N. J. Mis. R.* 194; *Langlotz* v. *Traverso,* 102 *N. J. Eq.* 144; 140 *Atl. Rep.* 229; *Security Building and Loan Association* v. *Risick,* 179 *Atl. Rep.* 680; *Guardian Life Insurance Co.* v. *Lowenthal,* 13 *N. J. Mis. R.* 849; 181 *Atl. Rep.* 897; *American-Italian Building and Loan Association* v. *Liotta, supra; Lit Bros.* v. *Bauman,* 19 *N. J. Mis. R.* 351; 19 *Atl. Rep.* (2d) 804.

The court must keep in mind that statutes of this nature are "in derogation of the common law and must be strictly construed." *Callan* v. *Bodine,* 81 *N. J. L.* 240 (at *p.* 243); 79 *Atl. Rep.* 1057. While in this cited case, the quoted language was used in preservation of the plaintiff's claim, and the point raised therein is not in controversy here, still that language may be now utilized as indicating the necessity of a strict construction.

In a recent pronouncement by the United States Supreme Court (*Gelfert* v. *National City Bank of New York,* 313 *U. S.* 221-236; 85 *L. Ed.* 1299) the court did indicate that "mortgagees are constitutionally entitled to no more than payment in full. *Honeyman* v. *Jacobs,* 306 *U. S.* 539; 83 *L. Ed.* 972; 59 *S. Ct.* 702, *supra.* They cannot be heard to complain on constitutional grounds if the legislature takes steps to see to it that they get no more than that. As we have seen, equity will intervene in individual cases where it is palpably apparent that gross unfairness is imminent. * * * But there is no constitutional reason why in lieu of the more restricted control by a court of equity the legislature cannot substitute a uniform comprehensive rule designed to reduce or to avoid in the run of cases the chance that the mortgagee will be paid more than once."

The motion to strike the complaint will be granted, without costs. An order may be presented accordingly.