## MEYER v. CITY OF EUFAULA, OKL.
### No. 3209.

Circuit Court of Appeals, Tenth Circuit.
March 25, 1946.

Rehearing Denied May 6, 1946.

E. C. Hopper, of Eufaula, Okl., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Joe Meyer, as the holder of certain street improvement bonds issued by the City of Eufaula, Oklahoma, brought this action for a money judgment against the City for the amount of unpaid installments of assessments levied against property owned by the City in the paving district, plus interest and penalties. The trial court applied the three year statute of limitations as a bar to the maintenance of the suit and entered judgment accordingly. The question presented by this appeal is whether the instant facts are distinguishable on principle from our decision in Versluis v. Town of Haskell, 10 Cir., 154 F.2d 935. Jurisdiction is based solely upon diversity of citizenship and requisite amount in controversy, both of which are shown upon the face of the record.

In 1921, the City of Eufaula, pursuant to the provisions of Article 12, Chapter 10, Revised Laws of Oklahoma 1910, C.O.S. 1921, Secs. 4583 to 4619, created Street Improvement District No. 2 for the purpose of improving the streets, avenues and alleyways within the City. To finance the improvements, the City on July 15, 1921, issued its street improvement bonds, series No. 2 in the aggregate sum of $44,478.95, due and payable on or before the 1st day of September, 1931, with interest at the rate of 6% per annum. To pay the principal and interest on the bonds at maturity, and in accordance with the applicable statute, assessments in ten annual installments, begining September 1, 1921, were duly levied against all the lots and tracts of land within the district. The installments bore the statutory 7% per annum interest before maturity and a penalty of 18% thereafter.

When the bonds were issued and the assessments levied, all the land within the paving district was owned by private individuals, but in 1922 two lots were conveyed to the City to be used as a "City Park", and none of the assessments levied against this property has ever been paid.

In 1925 the City purchased a lot for the site of its "City Hall". At the time of the acquisition all of the accrued installments had been paid in full and on November 11, 1925, the City paid the principal of all future installments (1926 to 1930), but paid no interest thereon. In 1935 lots five and six, block eighty-one, located within the paving district, were conveyed to the City and by it contemporaneously conveyed to the State of Oklahoma without consideration, as Trustee for the Oklahoma National Guard, to be used as a site for an "Armory". The Armory was erected as a City sponsored Works Progress Administration project. At the time of the conveyance of the lots to the City, installments of assessment against lot five, maturing in the years 1921, '22, '24, '25 and '26, and the installments of assessment maturing in 1921, 1925 and 1926 against lot six had been regularly paid, but no installments or interest thereon maturing since 1926 have been paid.

The bonds were not paid when they matured on September 1, 1931, and on May 12, 1936, more than three years after maturity, appellant brought this suit against all of the owners of property within the paving district against which there were delinquent installments, including the City of Eufaula. The proceedings was in equity to determine the amount of delinquent assessments with interest against each lot, tract and parcel of land in the district; to foreclose the statutory and contractual liens against such property; to sell the same and apply the benefits to the payment of the bonds. Nothing presently material happened to the suit until December 2, 1940, when appellant amended his complaint to allege two separate causes of action. By the first cause of action, appellant sought a judgment against the City of Eufaula adjudging the amount of delinquent installments against the property owned by it within the district, and an ancillary writ of mandamus to compel a tax levy for the payment of such installments. This cause of action was predicated upon the rule announced in the contemporary decision of this court in Dwyer v. Le Flore County, 10 Cir., 97 F.2d 823. See Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L. Ed. 1246.[1]

---

[1] The second cause of action, seeking foreclosure of assessment liens against privately owned property was dismissed, and we affirmed. Meyer v. City of Eufaula, 10 Cir., 132 F.2d 648.

Apparently before adjudication of the issues raised by the first cause of action, the Supreme Court of Oklahoma in Wilson v. City of Hollis, 193 Okl. 241, 142 P.2d 633, 150 A.L.R. 1385, held that the asserted remedy in mandamus was unavailable and directed the parties in that case to seek a personal judgment against the City for the amount of the unpaid installments plus interest, to be paid as other judgments. In consonance with the Wilson case, the first cause of action was submitted to the trial court as a suit for a personal judgment against the City. The City interposed a plea of limitations as a bar to the asserted action. As a "prophecy" of what the Supreme Court of Oklahoma would hold in like circumstances, the trial court sustained the City's plea of limitations, and this appeal resulted.

This case was submitted after the Versluis case and the issues presented, insofar as similar, have been considered together. In that case, we held the statute of limitations available to cities and school districts in cases of this kind; that the remedy asserted there, and here, was available to the bondholders when the bonds matured and the causes of action accrued; that the three year statute of limitations applied and commenced to run when the causes of action accrued on September 30, 1931. Since the suits were not commenced for more than three years from the date of the accrual of the causes of action they were barred as any other civil action. What we said there has application here, and would be dispositive of the issues in this case except for the constitutional issue not presented or decided in the Versluis case.

The contention is that when these bonds were issued the lots and tracts of land involved here were privately owned, and the assessments levied against such property for the payment of the bonds were expressly declared by statute to be a lien against the property, co-equal with the lien of other taxes and enforceable in the same manner by sale and resale by the County Treasurer. Sections 634 and 643, Revised Laws 1910, Sections 4609 and 4618, C.O.S. 1921. See Hann v. City of Clinton, 10 Cir., 131 F.2d 978, 983; Board of County Commissioners v. City of Shattuck ex rel. Versluis, 10 Cir., 140 F.2d 67; Meyer v. City of Eufaula, 10 Cir., 132 F.2d 648. That the lien thus created, like the lien for ad valorem taxes was perpetual and not

subject to any limitations upon its enforcement.

It is pointed out that the governing statutes in force when the bonds were executed necessarily entered into and became a part of the obligations of the bonds in such 'a manner that the procedural right to have the liens enforced by statutory tax sale could not be taken away without the substitution of an equally effectual remedy. And, it is suggested that since public policy intervened to prevent the forced sale of the property for delinquent taxes after the City acquired it, it necessarily "converted the remedial right of forced sale into the remedial right to compel the City to pay the assessments, and upon its failure to do so into the remedial right to have the court adjudicate the amount due and direct the method of payment". On this postulate, appellant argues that a remedy which is subject to the statute of limitations is not the constitutional equivalent to the perpetual remedy afforded by the right of forced sale under the applicable statutes. In sum, it is contended that since there was no limitations upon the remedy available under the statutes when the bonds were issued, the appellant thereby acquired the constitutional right to be perpetually immune from the application of the statute of limitations.

It is generally true, as we observed in the Versluis case, that the remedy for the enforcement of a vested right may not be changed by legislative or judicial construction, unless the new remedy afforded is substantially equivalent to the old, but we must not forget that we are dealing with the law of equivalents and not absolutes. Gelfert v. National City Bank, 313 U.S. 221, 231, 61 S.Ct. 898, 85 L.Ed. 1299, 133 A.L.R. 1467. "Not only are existing laws read into contracts in order to fix obligations as between the parties, but the reservation of essential attributes of sovereign power is also read into contracts as a postulate of the legal order". Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 435, 54 S.Ct. 231, 239, 78 L. Ed. 413, 88 A.L.R. 1481. See Mr. Justice Black's dissent in Wood v. Lovett, 313 U. S. 362, 61 S.Ct. 983, 85 L.Ed. 1404. Our inquiry is whether the limitation upon the substituted remedy substantially impairs the value of the right to the statutory lien. See Honeyman v. Jacobs, 306 U.S. 539, 59 S.Ct. 702, 83 L.Ed. 972.

The bondholder is not charged with the duty of ascertaining the date when the City acquired the property and pursuing the substituted remedy within three years from that date. In respect to the "City Park" and the "City Hall" properties acquired by the City in 1922 and 1925 respectively, the trial court held that the asserted cause of action on the bonds did not accrue or the statute of limitations commence to run until the last installment was delinquent and the bonds were due and payable on September 1, 1931. This conclusion is in accord with our decision in the Versluis case.

■ Insofar as we can ascertain, a legislative imposition of a reasonable limitation upon the time in which a right may be exercised has never been considered an unconstitutional impairment of the right. "A limitation of time even upon the assertion of a right theretofore having no limitation upon its assertion, or a different limitation, is not infrequent, and its legality is unquestionable if a time reasonable in view of the subject-matter, be given". United States v. Morena, 245 U.S. 392, 38 S.Ct. 151, 152, 62 L.Ed. 359. See also Anderson National Bank v. Luckett, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692, 151 A.L.R. 824; Atchafalya Company v. Williams, 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559; Limitation of Actions, Am.Jur. vol. 34, §§ 19 to 25. It is sufficient, if full opportunity is afforded for resort to the courts for the enforcement of the right upon which the limitation is intended to operate. Lamb v. Powder River Live Stock Co., 8 Cir., 132 F. 434, 67 L.R.A. 558; Cooley's Constitutional Limitations, Chap. XI p. 764. We can perceive no difference in a situation where, as here, the limitations are imposed by operation of law or by intervention of public policy.

■ As we have seen, the bondholder could have commenced this action for a personal judgment against the City for the amount of the delinquent installments plus interest against the "City Park" and "City Hall" properties at any time within three years from the date of the maturity of the bonds, and failing to do so within three years from that date, the asserted cause of action is barred. However, with respect to the "Armory" property the situation is different. The City did not acquire this property until 1935, and until that date the statutory remedy of forced sale and resale was available to the bondholder. This suit was commenced May 12, 1936, one year and five months after the City acquired the property and the substituted cause of action thereupon accrued. The suit, as originally filed, did not seek a money judgment but it did seek the liquidation of the contract by whatever remedy available, and when the decisions of the Oklahoma Supreme Court provided the asserted remedy the case was finally submitted and decided upon this form of action. It is plain, therefore, that the statute of limitations does not operate to bar the asserted cause of action insofar as it seeks judgment against the City for the amount of the delinquent installments levied against the property described as the "Armory" property.

■ The City acquired the "Armory" property subject to all delinquent taxes and the statutory tax lien for the same. United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; Allen v. Henshaw, Okl., 168 P.2d 625. It is argued, however, that the City acquired title to the land only for the purpose of transferring the same to the State of Oklahoma, as trustee for the Oklahoma National Guard, and that it is not now, and never has been, seized of the property. But, the trial court found, and it is undisputed, that the "Armory" property was acquired by the City in order that a National Guard Armory might be built as a project under the Works Progress Administration, the regulations of which required that all projects should be on municipally owned property, and that the City of Eufaula did sponsor the construction of the armory as such a project. Beyond this finding, the trial court did not fix the title for purposes of tax liability, and since in our view the case must be remanded, the substantive question of tax liability is left open for the trial court's first consideration and decision. It is sufficient for the purposes of this appeal that in our judgment the statute of limitations does not bar the action as to this particular piece of property.

Insofar as the trial court applied the three year statute of limitations to the property described herein as the "City Park" and "City Hall" properties, its judgment is affirmed. That part of the judgment which applied the statute of limitations to the "Armory" property is reversed

with directions to proceed in accordance with the rule announced in Wilson v. City of Hollis, supra.