Joe YOUNGS and Barna W. Youngs,
Plaintiffs in Error,

v.

Ward R. CASE, Jr., Administrator of the Es-
tate of Mollie Albertson Case, deceased,
Arthur E. Case, Doris Case Massengill,
Edith Case Stone and Ward R. Case, Jr.,
Defendants in Error.

No. 38314.

Supreme Court of Oklahoma.

June 23, 1959.

Rehearing Denied July 21, 1959.

Barney & Pain, Anadarko, for plaintiffs in error.

DeBois & DeBois, Duncan, for defendants in error.

PER CURIAM.

This action was brought by Mollie Albertson Case and Ward R. Case, Jr., plaintiffs, against Joe Youngs, Barna W. Youngs and Anderson-Prichard Oil Corporation, as defendants. The plaintiffs alleged in substance, in their petition, that a contract was entered into between Ward R. Case, deceased, and the defendant Joe Youngs; that Joe Youngs employed Ward R. Case, an attorney, to render him services in the purchase of an undivided one-half interest in 80 acres of land located in Caddo County, Oklahoma, and agreeing to render further legal services as he may require until said land is disposed of by the said Youngs, and for his compensation for services rendered and to be rendered he was to receive one-half of the net income from said land until disposed of and one-half of the profit made thereon when sold. With the further provision in the contract as follows:

"The said Case in addition is also to be reimbursed from time to time for any necessary expenses incurred by him in looking after said land, such expenses to be charged by said Youngs as part of the cost of said land unless the same can be paid from income; but the said Case agrees not to incur any other than minor expenses without the consent of said Youngs.

"This agreement shall be binding upon the Administrators, or Executors and the heirs or devisees of the said Youngs if said land shall not have been disposed of before his death.

"Witness our signatures in duplicate this 18th day of October, 1933.

/s/ Joe Youngs
/s/ Ward R. Case."

The petition further alleged that pursuant to provisions of said contract Ward R. Case performed the services as provided for therein and at all times complied with the terms and conditions thereof; and

"That Ward R. Case departed this life on July 31, 1947, while a resident of Fentress County, Tennessee. That following the death of said Ward R. Case and in order to eliminate the necessity of disposing of said lands the said Joe Youngs requested that Ward R. Case, Jr., a practicing attorney in Fentress County, Tennessee, and the son of Ward R. Case, continue to perform all necessary legal services in connection with said lands on behalf of the said Joe Youngs and the plaintiff Mollie Albertson Case, who was the sole beneficiary under the Will of Ward R. Case, deceased, until the same was disposed of and that at the request of Joe Youngs a contract was entered into between Joe Youngs, Ward R. Case, Jr., and Mollie Albertson Case, which contract is as follows:

"This Agreement made and entered into this the 21st day of May, 1948, by and between Joe Youngs, of Allardt, Tennessee, Ward R. Case, Jr., of Jamestown, Tennessee, and Mollie Albertson Case, of Jamestown, Tennessee:

"Witnesseth:

"Whereas, JOE Youngs, on the 10th day of April, 1933, purchased from D. C. Beaty and Nannie Beaty, his wife, a one-half (½) undivided interest in and to the following described tract or parcel of land, to-wit:

"The W/2 SW/4 of Section 23, Township 6 North, Range 10 West of the Indian Meridian, Caddo County, Oklahoma, containing 80 acres more or less.

"And, Whereas, at the request of said Joe Youngs, at that time Ward R. Case, an attorney, of Jamestown, Tennessee, rendered legal services in behalf of said Joe Youngs in connection with the purchase of said land and agreed to also render such further le-

gal services in connection with said land as were required until the land was disposed of by said Joe Youngs, and by an agreement in writing dated the 18th day of October, 1933, said Joe Youngs agreed to pay and said Ward R. Case agreed to accept as compensation for said legal services one-half (½) of the net income from said property until the same was disposed of and one-half (½) of the profit made thereon when sold, the cost of said property to said Joe Youngs being the sum of Two Thousand Three Hundred Forty Two and 94/100 ($2,342.97) Dollars and being the amount to be taken into consideration in determining the profit made when the land should be disposed of by said Joe Youngs;

"And, Whereas, said Ward R. Case rendered all necessary and required legal services to said Joe Youngs in connection with said property up until the date of the death of said Ward R. Case on the 31st day of July, 1947, and said Joe Youngs paid to said Ward R. Case a one-half of the net income from said property up until said date, but as of said date the property had not been disposed of by said Joe Youngs;

"And, Whereas, Ward R. Case, Jr., is a duly licensed and practicing attorney of Jamestown, Tennessee, and said Joe Youngs has requested that said Ward R. Case, Jr., take over in place and stead of said Ward R. Case, deceased, and in that regard perform all necessary legal services in connection with said tract of land until the same is disposed of by said Joe Youngs, and said Ward R. Case, Jr., agrees to perform said services, and requests that any consideration received therefor be paid to Mollie Albertson Case, who is the sole beneficiary of the estate of Ward R. Case, deceased, under the Will of Ward R. Case, deceased, which is of record in the office of the County Court Clerk of Fentress County, Tennessee, during the lifetime of said Mollie Albertson.

Case, and after her death to her lawful heirs;

"And, Whereas, since the date of the death of said Ward R. Case, deceased, said Joe Youngs has paid to Ward R. Case, Jr., for the use and benefit of Mollie Albertson Case, one-half of the net income from said property.

"Now, Therefore, It Is Hereby Agreed Between Said Parties As Follows:

"First: Ward R. Case, Jr., agrees to perform all legal services necessary or required for said Joe Youngs in connection with the above described property, until the same is disposed of by the said Joe Youngs.

"Second: In consideration of past legal services rendered by Ward R. Case, deceased, and the agreement by Ward R. Case, Jr., to perform future legal services as hereinabove mentioned, said Joe Youngs agrees to pay to Mollie Albertson Case during her lifetime, and to her heirs if she should die before said land is disposed of, a one-half of the net income from said land and a one-half of the net profit made thereon when sold.

"Third: Mollie Albertson Case agrees and directs that any payments due her hereunder may be made to Ward R. Case, Jr., for her use and benefit.

"Fourth: This agreement shall be binding upon the Administrators, Executors, Heirs and Devisees of said Joe Youngs in case said land shall not have been disposed of before his death."

The trial court made findings of fact and conclusions of law. The findings of fact fully sustains the allegations contained in the petition of the plaintiffs.

The conclusions of law are reflected by the Journal Entry of Judgment which provides in part:

"* * * and the court having considered the pleadings, the evidence and

argument of counsel, and authorities submitted, finds the issues generally in favor of the plaintiffs and against said defendants, the court having further entered herein its findings of fact and conclusions of law, copy of which is attached hereto as Exhibit 'A' and made a part hereof.

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff, Mollie Albertson Case, has an equitable interest in and to the property described as the W/2 of SW/4 of Section 33, Twp. 6 North, Rng. 10 West, I. M. Caddo County, Oklahoma, to the extent of ½ of the net profits realized by the defendants, Joe Youngs and Barna W. Youngs, or their successors in title, from their interest in said property from and after October 18, 1933, until such time as said property is sold at a bona fide sale for the fair market value thereof by the said Joe Youngs and Barna W. Youngs, or their successors in title, and at the time of such sale the said Joe Youngs, Barna W. Youngs or their successors in title, shall be entitled to receive from the proceeds realized from such bona fide sale of the interest held by Joe Youngs and Barna W. Youngs in and to said property of $2,342.00 and the balance of such proceeds realized from such bona fide sale is to be divided ½ to Joe Youngs, Barna W. Youngs, or their successors in title, and ½ to Mollie Albertson Case, or her successors in title.

"It is further ordered, adjudged and decreed by the Court that the said defendants, Joe Youngs and Barna W. Youngs, shall account to Mollie Albertson Case for ½ of the net proceeds realized from said property by said defendants from and after July 31, 1956, being the date said defendants ceased paying ½ of such net proceeds to the plaintiff, Mollie Albertson Case.

"It is further ordered, adjudged and decreed by the Court that Anderson-Prichard Oil Corporation, defendant herein, distribute ½ of the proceeds from oil purchased from said property by said defendant, legal title to which is in Joe Youngs and Barna W. Youngs, and ½ to Mollie Albertson Case, and in the future make such distribution of such proceeds from oil so run and purchased from said property."

The defendants in their brief contend:

"The Oklahoma trial court was without jurisdiction in that the contracts pleaded gave no right of action to plaintiffs against defendants for breach thereof except a personal action in Tennessee."

They say it is an action to recover an attorney fee based upon a contract made by residents of Tennessee and therefore an action would have to be brought in Tennessee on such a contract, and the judgment of the court ordering an accounting and directing oil revenue paid to plaintiff by the pipeline purchaser shows this to be a personal action against defendants rather than an action in rem; that plaintiffs have sought to base jurisdiction upon an alleged joint venture or an equitable interest in property, but under the plain terms of the contracts involved, and the decisions of the Oklahoma Supreme Court there is no element of joint venture or equitable interest in either of these contracts. To sustain such contention he cites 30 Am.Jur., 945, Section 10, to-wit:

"A joint proprietary interest and a right of mutual control over the subject-matter of the enterprise or over the property engaged therein is essential to a joint adventure. Whether a single adventurer owns all of the property used in the joint adventure does not seem conclusive in determining whether the relationship of joint adventure exists, since it is well recognized that the better rule is that joint ownership of the property used in carrying on the business is not necessary. On the other hand, before

finding parties to be joint adventurers, courts ordinarily require clear evidence of a community of interest in a common undertaking in which each participant has or exercises the right of equal or joint control and direction."

They then cite several cases to support their contention that the trial court was without jurisdiction. We have carefully examined the cases cited and find all of them are easily distinguishable from this case.

The plaintiffs in their brief contend there was a joint proprietary interest in said property under the contracts involved in this action, and a right of mutual control inasmuch as Ward R. Case, Jr., was required to look after and manage the property and was entitled to be reimbursed for any minor expenses, major expenses were only to be made with the consent of Youngs, which would denote mutual control of said property. With reference to the paying of profits and losses the plaintiffs cite the rule in 30 Am.Jur., Joint Adventures, 947, Section 11, as follows:

"* * *. The requirement is satisfied if one party's time and the monetary investment of the other parties would have been for nought. Accordingly, there is authority for the proposition that an agreement, express or implied, to share losses is not essential to a joint adventure in cases where one party furnishes money and the other service."

See also the case of Summers v. Hoffman, 341 Mich. 686, 69 N.W.2d 198, 48 A.L.R. 2d 1033. In that case it was held in the third syllabus as follows:

"A joint adventure exists under an agreement for the equal sharing of profits by one who furnishes the money for the purchase of certain realty and by another who furnishes his time, skill and supervision in the purchase, the clearing of title and the development of the property."

The bringing of this action in Caddo County, Oklahoma, where the land is lo-cated is authorized by 12 O.S.Ann. Sec. 131, which provides:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section.

"1st, For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest."

The defendants were non-residents of the State of Oklahoma and the real property involved was located in Caddo County, Oklahoma. 12 O.S.Ann. Sec. 170, authorizes service by publication upon non-resident defendants:

"In action which relate to or the subject of which is real or personal property in this State where any defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partly in excluding him from any lien or interest therein."

The plaintiffs contend this action sought to limit the interest of Barna W. Youngs to the extent that his interest in said property was subject to the terms and conditions of the contract herein involved to the extent provided therein, i. e., ½ of the net profits from said property and upon sale thereof, ½ of the net proceeds from said sale after payment to Joe Youngs of the original purchase price. This action further sought to establish the equitable interest of the plaintiffs and for a finding and determination by the court that Barna W. Youngs was not a bona fide purchaser of said property for value but rather took title thereto encumbered with the terms and conditions of said contracts, said Barna W. Youngs claiming at all times that he was a bona fide purchaser for value and took without notice of said contracts.

The primary purpose of this action by the plaintiffs was to establish their interest in ½ of the net profits therefrom and upon sale of ½ of the net profits from said sale. Joe Youngs breached the contract by deeding the land to Barna W.

Youngs without good and valuable consideration, and it was therefore necessary to seek relief in a court of equity in order to protect their interest. The only adequate remedy was an action in equity.

The parties may not have had in mind, or intended to form a joint adventure when the contracts were entered into, but by the terms of the contracts it was for one purpose only, and that was to make a profit for each of them by buying the land to be kept for an indefinite period of time, one furnishing the money to buy the land and the other rendering personal services, legal and otherwise to properly manage the property and to share equally the net income derived therefrom; and where such services were to continue until the buyer sold the land, and at that time the amount of profit over and above the purchase price be equally divided, constitutes a joint adventure, although the party furnishing the services was not required to pay any of the losses.

The defendants next contend:

"The petition showed on its face that there was no breach of the contracts pleaded, and failed to state a cause of action against these defendants."

There is an allegation in the petition of the plaintiffs that the defendant, Joe Youngs, breached the terms and conditions of the contract by deeding said land to his grandson, Barna W. Youngs, for $1 and love and affection.

In the conclusions of law by the trial court he held:

"That Barna W. Youngs was not a bona fide purchaser for value but took title to said property with full knowledge of and subject to said contracts and the rights of Mollie Albertson Case and her heirs."

We hold this assignment of error is without substantial merit.

■ The last contention of the defendant is that:

"The judgment ordering half the gross proceeds from oil runs paid to plaintiffs is not in conformity with the contracts pleaded, and is void."

We have examined the briefs on this assignment and hold under the record in this case it is also without substantial merit.

Judgment affirmed.

DAVISON, C. J., and HALLEY, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and WELCH and JACKSON, JJ., dissent.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.