**Paul GRAHAM, d/b/a the Graham Seed Company, Plaintiff,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Delaware Corporation, Defendant.**

**Civ. No. CIV–75–0728–D.**

United States District Court, W. D. Oklahoma.

Feb. 25, 1976.

---

John H. Kennedy, Oklahoma City, Okl., James F. Bennett, Duncan, Okl., for plaintiff.

Loyd Benefield, Charles L. Freede, Donald E. DeSpain, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

In this diversity action Plaintiff seeks recovery for damages allegedly sustained as a result of Defendant's negligent operation of its railroad. Plaintiff alleges that on November 30, 1974 a train operated by Defendant derailed in Marlow, Oklahoma while traveling south on a track owned and maintained by Defendant. At the time of the wreck Plaintiff operated a business at a point approximately 50 feet south of the point of derailment. Plaintiff leased the land on which his business was situated from Defendant. As a result of the derailment Plaintiff's place of business was damaged. The means of public access to Plaintiff's business was also impaired and has not yet been repaired.

Defendant has filed herein a Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. This Motion is opposed by the Plaintiff who has filed a counter Motion for Summary Judgment. The basis of Defendant's Motion is an exculpatory clause in the parties' lease. The basis for Plaintiff's counter Motion is that Defendant, by filing a Motion for Summary Judgment, has admitted the allegations of the Complaint. Plaintiff's Motion is frivolous and should be overruled.

The basis for Defendant's Motion is that the following clause of the Lease exempts or exculpates it from liability for any harm caused by its train's derailment:

"The Lessee releases the Lessor, its agents and employees from all liability for loss or damage caused by fire or other casualty by reason of any injury to or destruction of any real or personal property, of any kind, owned by the Lessee, or in which the Lessee is interested, which now is or may hereafter be placed on any part of the leased premises."

Plaintiff's response to Defendant's Motion is that (1) a train derailment is not an "other casualty" within the meaning of "fire or other casualty" as used in the Lease; and (2) the exculpatory clause above set out may not be construed to include an exemption of Defendant from its own acts of negligence as the intent to do so is shown by clear, definite and unambiguous language and the parties to the contract did not possess equal bargaining power.

With regard to Plaintiff's first contention, that the words "other casualty" as used in the subject Lease cannot be construed to include train derailment, the Court concludes that it cannot, as a matter of law, sustain Plaintiff's position. Words used in a writing which had, at the time of writing, a well known meaning in the law are to be employed in that sense unless the context clearly requires another result. *Superior Business Assistance Corp. v. United States*, 461 F.2d 1036 (Tenth Cir. 1972). If the language used in a contract is clear and explicit, the words used are to be given their ordinary and popular sense. *Cities Service Oil Co. v. Geolograph Co.*, 208 Okl.

179, 254 P.2d 775 (1953). The word "casualty" as used in the law has been given essentially the same meaning as "accident". *United States v. Rogers,* 120 F.2d 244 (Ninth Cir. 1941); *Stowers v. United States,* 169 F.Supp. 246 (S.D.Miss.1958); *Tank v. C.I.R.,* 270 F.2d 477 (Sixth Cir. 1959). Webster defines "casualty" as an unfortunate occurrence, mischance, serious or fatal accident, disaster, et cetera. *Webster's Third New International Dictionary.* Thus, both in its accepted legal usage and in its popular connotation "casualty" means an accident or an unexpected occurrence. This could mean a train wreck.

 Plaintiff argues that the doctrine of ejusdem generis requires that the term "other casualty" as used in this lease be limited by and read in the light of the preceding term, "fire".

"Under the rule of ejusdem · generis, where a party or author in a contract or conveyance makes use first of terms each evidently confined and limited to a particular class or species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when thus used, embraces only things of ejusdem generis, i, e., of the same kind or species, with those comprehended by the preceding limited and confined terms." *Cronkhite v. Falkenstein,* 352 P.2d 396, 399 (Okl.1960); *Vogel v. Cobb,* 193 Okl. 64, 141 P.2d 276 (1943).

The rule of ejusdem generis applies to words in a series establishing a class of things followed by a word of broader import. The Court finds no Oklahoma case where the rule has been applied where a single word is followed by a broader term. This is because one specific term cannot establish a class or category. Thus, Plaintiff's first argument is without merit.

 Plaintiff's second contention in response to Defendant's Motion is twofold: (1) an exculpatory clause excusing one from his own acts of negligence will not be enforced unless an intent so to do is shown by clear, definite, and unambiguous language (and claiming no such clear, definite and unambiguous intent is shown by the subject exculpatory clause); and an exculpatory clause excusing one from the consequences of his own acts of negligence will not be enforced if there was, at the time of contracting, a disparity in bargaining power between the parties (and claiming there was such a disparity in this case). Plaintiff's position is well taken. Our Court of Appeals has consistently held, in cases applying Oklahoma law, that private contracts exculpating one from the consequences of his own acts of negligence are not favored by the law, will only be enforced where there was no vast disparity in bargaining power between the parties and the intent of the parties, that one party excuses the other from the consequences of his own acts of negligence, is expressed in clear, definite, and unambiguous language. *Sterner Aero AB v. Page Airmotive, Inc.,* 499 F.2d 709 (Tenth Cir. 1974); *Colorado Milling & Elevator Co. v. Chicago, R. I. & P. R. Co.,* 382 F.2d 834 (Tenth Cir. 1967); *Mohawk Drilling Company v. McCullough Tool Company,* 271 F.2d 627 (Tenth Cir. 1959).

There is a dearth of Oklahoma case law regarding exculpatory clauses. In an early case, *Gulf, C. & S. F. Ry. Co. v. Anderson,* 120 Okl. 60, 250 P. 500 (1926), the Supreme Court of Oklahoma stated that:

". . . We would not hold that a contract governing and exempting liability for future damages resulting from the negligence of the defendant might not be entered into, but it must be clear, definite, and unambiguous, and show on its face the exact nature, character and extent of the damages which are within the contemplation of the minds of the contracting parties, and must be in the nature of a settlement for permanent and continuing damages to the freehold, and for such injuries and damages as may be computed to a reasonable degree of certainty."

A subsequent Oklahoma case holding that an exculpatory clause was, under the facts of the particular case, void as against public policy was subsequently withdrawn. See

448

*Mohawk Drilling Company v. McCullough Tool Company, supra.*

■ The subject exculpatory clause does not in clear, definite, and unambiguous language, release the Lessor from the consequences of his own acts of negligence. If the parties had contemplated releasing the Lessor from his own negligence as distinguished from the negligence of some one else, they could have so contracted in clear and definite language. A party who desires to be excused from his own negligence has the burden to insist and see to it that clear and definite language is used to that effect. The import of the above cases is clear. If an exculpatory clause is not clear, definite, and unambiguous it does not as a matter of law, release the designated party from his own acts of negligence. Therefore, the Court will decline to enforce the exculpatory clause in question.

■ Moreover, even if the exculpatory clause was clear, definite and unambiguous the Court should, under *Gulf, C. & S. F. Ry. Co. v. Anderson, supra,* decline to enforce it. The clause does not show on its face the exact character, nature, and extent of the damages which were within the contemplation of the parties at the time of contracting. Also, the clause does not purport to be a settlement for continuing damages to Plaintiff's leasehold.

■ Furthermore, if the exculpatory clause was fully enforceable by meeting the requirements heretofore discussed Defendant would not be entitled to a Summary Judgment herein as a genuine issue of material fact would remain to be considered. An exculpatory clause will not be enforced if there was a disparity in the bargaining power of the parties at the time of contracting or the parties were not on an equal bargaining footing. See *Mohawk Drilling Company v. McCullough Tool Company, supra; Colorado Milling & Elevator Co. v. Chicago, R. I. & P. R. Co., supra;* and *Sterner Aero AB v. Page Airmotive, Inc., supra.* Defendant has offered nothing to show that there was an equality of bargaining power when the parties entered into their contract. Equality of bargaining posi-

tion is clearly a question of fact. Summary Judgment will not be granted when genuine issues of material fact remain to be decided. Rule 56, Federal Rules of Civil Procedure.

Accordingly, both Motions for Summary Judgment should be overruled. Defendant will file an Answer to the Complaint within twenty (20) days from the date hereof.