Robert E. Dempsey, J.
Upon the trial of this action, plaintiff corporation seeks recovery from defendant on three causes of action, all of which litigation arises from a default by defendant in meeting the terms of a bond and mortgage given as security *726 on a leasehold on real property. In the first cause, plaintiff seeks judgment for $29,450.77 with interest, predicated upon the unpaid principal balance on a mortgage note given by defendant corporation to plaintiff on May 2, 1966; in the second cause of action, plaintiff seeks to recover the sum of $13,350, alleging that these were prepaid rents and were to be treated as tenants’ security under paragraph 9 of the mortgage; and lastly, recovery is sought for the sum of $11,435 advanced by plaintiff to the original lessor, McLean Manor Realty Corp., to cure the default of February 1, 1968. In addition to denying the material allegations of the complaint, defendant interposed five defenses (including a counterclaim). The substantial aspects of the defense consist of allegations that the note and mortgage were merged by acts of plaintiff with the lease and hence, plaintiff is estopped to sue on the note; that the value of premises was in excess of the demanded sum and therefore, no deficiency could be claimed by plaintiff without resort to a proper proceeding ; that the rents collected of February 1, 1968 were not ‘1 prepaid ’ ’ rents and hence, defendant was at the due date entitled to possession thereof. The fifth defense and counterclaim were withdrawn by defendant on the trial without prejudice to defendant’s rights to seek recovery thereof in a proper proceeding.
This suit arose from a sale (by assignment) by plaintiff to defendant of a lease on an apartment house on McLean Avenue in Yonkers, N. Y. Plaintiff had leased on November 9, 1962 the premises from McLean Manor Realty Corp., owner thereof and original lessor. Thereafter, E. Landau Industries, Inc., on May 2,1966, sold by assignment the original lease to the defendant corporation and took back at the same time a mortgage note in the sum of $30,000, which note was secured by a leasehold mortgage upon the leased premises and which said mortgage was duly recorded in the office of the County Clerk of the County of Westchester, Division of Land Records, in Liber 6973 of mortgages, at page 154 on the 4th day of May, 1966. In February, 1968 it defaulted in making the payments due to McLean Manor Realty Corp. under the terms of the mortgage and original lease and in failing to make payments of additional sums due to meet the increased taxes to be levied on said property. There was no dispute upon the trial that defendant corporation failed to make the payments due on the obligation of the lease on the due date, all of which is set forth in paragraphs “A ”, “ B ”, “ C ”, “ D ” of the lease of “ McLean ” to “ Landau ”; payment of which had been assumed by defendant in the assignment to it of the “ McLean ” to “ Landau ” *727 lease, and which agreement to pay was also expressly agreed upon in the leasehold mortgage.
Plaintiff’s second cause of action for the recovery of the February, 1968 rents in the sum of $13,350 is dismissed on the merits after trial. Plaintiff had failed to establish that there were “ prepaid ” rents. In fact, the proof was that these were current rents and due for the month of February, 1968 and at that time a default had not occurred. The defendant, by the terms of the lease and mortgage, was entitled to receive these rents. It, the defendant, was the owner of the lease. Note is to be taken that by the terms of the leasehold mortgage the mortgagee waived the right to enter and collect the rents and that ‘ ‘ the mortgagor shall be entitled to collect and receive said rent issues and profits until default ” (paragraph 9 of the leasehold mortgage). It has been held that: “ The general rule in this state and throughout the United States is that the usual assignment of rents clause, even though it gives the mortgagee the right of entry upon default, does not constitute an absolute assignment as of the time of default. It becomes effective only after the mortgagee has asserted his right thereto by the appointment of a receiver in a foreclosure action or until he has become a mortgagee in possession with the express or implied consent of the owner of the equity of redemption.” (Dime Sav. Bank of Brooklyn v. Lubart, 38 N. Y. S. 2d 252, 253.)
Plaintiff’s first and third causes of action are also dismissed without prejudice to institution of a proper action, if in fact one exists. Even the broad directive of CPLR 103 (subd. [c]) cannot salvage this case, because there is no proof before this court upon which to make a proper directive. Plaintiff has elected to sue upon the mortgage bond in lieu of foreclosure of the mortgage. This would be an election permitted to plaintiff under the Real Property Law. (14 Carmody-Wait 2d, New York Practice, § 92.7.) A mortgagee of real property cannot seek to enforce rights upon default by pursuing an equitable remedy and legal remedy at the same time. In the instant case, the testimony established that on February 27, 1968 (during the month of the default), ‘ ‘ Landau ’ ’, plaintiff, contacted “McLean ” and by a payment of $11,150 rectified and cured the default and also entered into an agreement which provided that Landau Industries, Inc. guaranteed 11 payments for the month of March 1968 in the same amount, in consideration of resuming the position of E. Landau Industries, Inc. as main lessee ”. Landau Industries, Inc. resumed possession of the premises at that time and there is no proof in this trial record to negate the fact that since this date of February 27, 1968 it *728 has "been in possession of the apartment house and operating the same; to wit, collecting the rents and paying the bills, etc., up to the present time.
From a remedial viewpoint the character of the bond and mortgage on said leasehold, to wit, whether it is to be treated as personalty or realty, becomes material and germane to the ultimate determination of issues in this case. A mortgage on a leasehold has been termed a mortgage on personal property and the proper action would be one classified as an action to foreclose a mortgage on personal property. (First Trust & Deposit Co. v. Syrdelco, Inc., 249 App. Div. 285, 287.) In fact, it has been held by the Appellate Term in the Second Department, Rodack v. New Moon Theatre (121 Misc. 63, 67), in a case involving a mortgage upon a leasehold, that “ Upon the giving of a chattel mortgage the legal title to the property covered by it passes at once to the mortgagee. This title, however, is defeasible. It may revert to the mortgagor upon payment of the indebtedness secured. This right to a defeasance is a legal right which the mortgagor possesses up to the time he is in default. After default the mortgagor has no rights at law and the legal title in the mortgagee becomes absolute. The only right then existing in the mortgagor is one in equity to redeem ’ ’.
Having, upon the default of defendant, entered into possession of the premises as heretofore stated, plaintiff has not complied with the appropriate provisions of law as to the enforcement of liens on personal property. Former article 10 of the Lien Law was repealed by section 10-102 of the Uniform Commercial Code, effective September 27, 1964 and the rights and remedies of the parties hereto are to be determined by the appropriate provisions of section 9-501 et seq. of the Uniform Commercial Code. The chattel mortgage contains a covenant giving the power to sell the mortgaged lease to the mortgagee, and a form of remedy in this event is spelled out in section 271 of the Beal Property Law which specifically defines the construction of this covenant. The plaintiff is also in a status akin to a mortgagee in possession of real property, and duties of a mortgagee in possession are spelled out in New York Jurisprudence (vol. 38, §§ 121, 122) and judicially outlined in Phœnioc Mut. Life Ins. Co. v. Tuddington Holding Corp. (249 App. Div. 766) and Armstrong v. Germain (98 N. Y. S. 2d 946, 961). (See Uniform Commercial Code, § 9-503; § 9-504, subd. [2].) Plaintiff has been collecting the rents on said property since March, 1968 and had taken no steps designed after seizure of the chattel, under the old article 10 of the Lien Law and presently incorporated in section 9-501 et seq. of the Uniform Commercial *729 Code, to protect the mortgagor and its interest in the pledged property. These procedural obligations have not been met and plaintiff could not hold the security pledged on its bond and mortgage without fulfillment of its legal responsibilities to extinguish the rights presently granted under the Uniform Commercial Code to the mortgagor. Hence, plaintiff ’s relief sought in the first and third causes of action is denied in the instant action.
The court rules that the second defense urged by defendant is no longer tenable. Section 1083-b of the Civil Practice Act, if it could at one time have been construed applicable (although it affects real property actions only) expired by failure of legislative re-enactment. (Mutual Life Ins. Co. v. Gillespie, 280 App. Div. 568.)