DEAN *v.* DEAN

[No. 7, October Term, 1955.]

*Decided April 18, 1958.*

*Opinion modified December 22, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON and HAMMOND, JJ.

*Marion A. Figinski* and *Walter V. Harrison* for the appellant.

*Melvin J. Sykes* and *Melvin S. Silberg* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order dated January 24, 1955, granting a motion for summary judgment and dismissing a bill of complaint with prejudice. The bill was filed by an alleged wife seeking permanent alimony and support for her minor children. It alleged that she had been married to the respondent by a religious ceremony performed in Kentucky on October 3, 1938. The answer denied this allegation, and alleged that the invalidity of the purported marriage had been judicially determined in a proceeding in this State in 1953.

The respondent also filed a motion for summary judgment in which it was alleged that no marriage between the parties had ever been performed; that the purported marriage certificate evidencing such marriage and signed by a minister and several witnesses, was false and fraudulent; and that the invalidity of the alleged marriage had been judicially determined in Kentucky, in a proceeding instituted by the respondent in 1951. An exemplified copy of these proceedings, with appropriate affidavits, was attached to the motion. It appears from these proceedings that the action was filed in the Circuit Court of Clay County, and that the alleged wife was apprised of the action by letter sent by a specially appointed "warning order attorney", but did not personally appear. Proof was offered that both parties were residents of Maryland at that time, although they separated in 1947, he taking custody of the children then born, whom he has since supported. He married another woman in 1952 and has two children by her. Proof was also offered that the purported marriage certificate, dated October 1, 1938, was a forgery, and that it had been returned to the court for record by the alleged wife in 1949; that none of the persons purporting to be present as witnesses, were in fact witnesses; and that no marriage ceremony had ever been performed as certified, or at any other time. On April 18, 1951, the court ordered that the purported marriage certificate be "cancelled, annulled, set aside and forever held for naught", and expunged from the record. The motion

further alleged that the order was final, had not been appealed, and that the time for appeal had expired.

In her answer to the motion the complainant (appellant) denied that the Circuit Court of Clay County had jurisdiction over the parties, and alleged that no notice of the proceedings was ever served upon her, and that the entire proceedings were a fraud upon that court. She filed no exhibits or counter-affidavits. After hearing upon the motion, the Chancellor held that there was no genuine dispute as to any material facts, and that the order of the Kentucky court was entitled to full faith and credit. Accordingly, he granted the motion and dismissed the bill. She appealed.

The appeal was argued in this Court in October, 1955. After the argument, counsel for the appellant represented to us that they proposed to contest the order of the Circuit Court of Clay County in Kentucky, and asked for a continuance, which we granted. We were subsequently advised that she obtained a judgment setting aside the former judgment, but we granted a further continuance pending appeal. We were then advised that the matter had been finally decided by the Court of Appeals of Kentucky, and a copy of that opinion, not then officially reported, was supplied. The pending case was thereupon submitted for our decision upon the briefs heretofore filed, and without further argument. We continued the case further, upon being advised that a petition for rehearing had been filed. We are now advised that the motion was denied on December 12, 1958.

It appears that the appellant did not succeed in her effort in the spring of 1955 to set aside the judgment of April 18, 1951, expunging the purported marriage certificate from the record. This judgment, setting aside the original judgment, was reversed in the Court of Appeals of Kentucky, where the judgment of 1955 was described as "adjudicating that Isom Dean and Daisy Mae Gregory were lawfully married". The ground of reversal was that she had failed to contest the original judgment within the time required by the applicable Civil Rules, after having full knowledge of the judgment at least as early as May, 1951, and within three weeks after its rendition.

While the court remarked that on the record it could not decide whether or not Daisy Mae and Isom were ever married, it held that "the original judgment affecting the marital status must be respected". The court also held that the court rendering the original judgment had jurisdiction over an action *in rem* involving the authenticity of a public record without personal service, and that the constructive service was sufficient under the circumstances. These rulings were affirmed in the denial of the petition for rehearing.

The appellant does not appear to deny the jurisdiction of the Circuit Court of Clay County to render the original judgment. It has been held in some cases, although there is authority to the contrary, that a state in which a marriage ceremony is performed has jurisdiction to annul a marriage, even where the parties are non-residents at the time the relief is sought. See 55 C. J. S., *Marriage,* § 52 b, notes 71 and 72; notes, 128 A. L. R. 61, 32 A. L. R. 2d 734. The Maryland statute seems to confer such jurisdiction, independent of residence. Code (1957), Art. 16, sec. 22. See notes, 9 Md. L. R. 63, 69. The point was assumed, if not decided, in *Montgomery v. U'Nertle,* 143 Md. 200, and cases there cited. We have found no Kentucky case on the point, but a finding of jurisdiction to render the original judgment seems implicit in the final judgment of the Kentucky Court of Appeals, although, in form at least, the action was not to annul the marriage but to correct the record.

The question of notice was squarely decided. Where jurisdiction does not depend upon residence, or where one of the parties is domiciled in the *forum,* personal service upon the other party is not required as a matter of procedural due process. It is sufficient if steps are taken which under all the circumstances are reasonably calculated to afford knowledge of the action and an opportunity to be heard. *Restatement, Conflict of Laws,* sec. 75, comment c; *Restatement, Judgments,* sec. 33, comment b; Merrill on *Notice,* sec. 523; *Millar v. Millar,* 200 Md. 14; *Honeyman v. Hanan,* 302 U. S. 375. Cf. *Estin v. Estin,* 334 U. S. 541. Moreover, the appellant had actual notice within three weeks after the judg-

ment was rendered and might have moved to reopen it, certainly within a year after its rendition and perhaps within three years. Instead, she delayed action for nearly five years, during which period the appellee remarried.

The appellant contends, however, that the original judgment expunging the purported marriage certificate from the record is not conclusive, because the action was not to annul the marriage, but only to correct the record. It has been held that where a marriage never took place, it cannot be annulled. *O'Brien v. Eustice,* 19 N. E. 2d 137 (Ill. App.), and *Randazzo v. Roppolo,* 105 N. Y. S. 481. Technically, annullment is confined to cases where a marriage has been performed, but by reason of fraud, duress, intoxication or the like, it is voidable, or by reason of incapacity, void. But we think the expunging of the certificate evidencing the alleged marriage was based, and necessarily based, upon a finding that the alleged marriage never took place. The action was predicated on that claim and the proof supported it. We think the matter is now *res judicata,* not merely as to the validity of the certificate but as to the *factum* of the alleged marriage as therein certified.

The appellant argues that a marriage solemnized by a religious ceremony may be valid, even though no license is issued. But the presumption of validity is here overcome by the judicial finding to the contrary in Isom's original suit in Clay County, under the evidence presented in that case. Cf. *Carroll v. Carroll,* 251 S. W. 2d 989, 991 (Ky.). It is conceded that neither Maryland nor Kentucky recognizes a "common-law" marriage claimed to have been entered into within their borders. It has also been held in Kentucky that where there is a failure of proof of a ceremonial marriage, the party claiming marriage is precluded from relying on "common-law" marriage. *Kennedy v. Damron,* 268 S. W. 2d 22 (Ky.). Having elected to challenge the original judgment in Kentucky, and obtained a continuance in this Court for that purpose, the appellant cannot properly now urge that it is without force and effect as regards her marital status.

*Order affirmed, with costs.*